Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FLORENCE J. REITER, Appellant, for Compensation under the Workmen's Compensation Law, v. NORTH SHORE GRAVEL COMPANY, Employer; THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Respondents.

*Husband and wife — common-law marriage.*

Decision affirmed. All concurred, except John M. Kellogg, P. J., dissenting, with a memorandum.

JOHN M. KELLOGG, P. J. (dissenting): The Commission certified to this court the question "·Is Florence J. Reiter the surviving wife of Paul Reiter,

deceased." The court remitted the matter to the Commission to make findings of fact upon the question of the marriage of the claimant to Reiter. It is conceded there was no ceremonial marriage. The evidence, however, tends very strongly to show a valid common-law marriage. Whether or not there was a valid marriage was a mixed question of law and fact, and it cannot be determined as matter of law whether there was a valid marriage until the facts are ascertained. Perhaps different inferences may be drawn from the evidence, and for that reason the court desired findings of fact upon the evidence to enable it to pass upon the question of law. The Commission evidently misunderstood the action of this court and gives us no facts upon which we can determine whether or not its conclusion was properly made. The parties were competent to enter into the marriage state. He was a German and a Protestant; she was a French woman and a Catholic. They mutually agreed to marry. She desired to go to the church; he apparently was not anxious upon that point. Nevertheless they began to live together as husband and wife, and were known as husband and wife. Each of them told her daughters, who lived with them, that they were married, and he always treated her as his wife and treated her daughters as his children, and apparently took great pride in them. It is mere idle guess-work to say that their claim to be husband and wife was a mere cloak to cover up their illicit relations. We find nothing indicating that there was any bad faith upon the part of either, or that there was any doubt in the mind of either that they were husband and wife. It is, however, inferable that from the fact that there was no church ceremony the claimant felt that her full rights as wife were not established and that it was due to herself and her daughters that a church ceremony should be had. She, from time to time, urged a ceremonial marriage at the church; he agreed to it but delayed. In my judgment, as matter of law, they were husband and wife, although some embarrassment may result on account of the findings of the Commission that the evidence does not establish a marriage contract. I think the Commission felt that a definite contract must be shown by which the parties, by word of mouth or writing, agreed at the moment to take each other as husband and wife. A mere formal contract is not the essential thing. Marriage is a status which may be established by the words, actions and lives of the parties evidencing their understanding and intent. If this man and woman engaged to marry and, wanting to marry each other, began to live together as man and wife believing that they were married, but intended at sometime to have a religious ceremony performed; if they held themselves out to the public as man and wife and lived in the belief that they were married, there would be a legal marriage notwithstanding the fact that no particular words can be referred to at any particular time which made a formal contract of marriage at that time. The agreement, from time to time, to have a church ceremony performed for the satisfaction of the wife, would not change the result. The findings, therefore, do not dispose of the case, or furnish any basis upon which it can be determined. I favor a reversal of the determination and a remission of the matter to the Commission for proper and full findings of fact.